# IN THE UNITED STATES DISTRICT COURT
# OF THE SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

CASE NO.:

**RANEY LIEN,**

    **Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD.,**
A Liberian Corporation,

    **Defendant.**

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, **RANEY LIEN** (hereinafter "Plaintiff"), through undersigned counsel, files suit against Defendant, **ROYAL CARIBBEAN CRUISES, LTD. ("Royal Caribbean"),** (hereinafter "Defendant"), alleging upon information and belief as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on Admiralty jurisdiction conferred by 28 USC § 1333.

2. At all times material hereto, Plaintiff was and is a citizen of Deerfield Beach, Florida.

3. At all times material hereto, Defendant was and is a for-profit, foreign corporation, which is based in and/or with agents in Miami, Florida, and is authorized to

conduct and is conducting business in the State of Florida. Defendant has consented to jurisdiction and venue in this Court. Defendant requires in the contract of carriage that all cases filed by passengers be filed in this jurisdiction.

4. At all times material hereto, Defendant transported fare-paying passengers on cruises aboard the vessel M/S LIBERTY OF THE SEAS and other vessels.

5. At all times material hereto, Defendant owned, operated, managed and/or controlled the M/S LIBERTY OF THE SEAS.

6. At all times material hereto, Plaintiff was a fare paying passenger aboard the M/S LIBERTY OF THE SEAS.

7. At all material times hereto, Plaintiff was a fare paying passenger aboard the M/S LIBERTY OF THE SEAS for the purpose of enjoying a vacation cruise.

8. At all material times hereto, Defendant owed a duty to Plaintiff of using reasonable care under the circumstances in maintaining the premises of the M/S LIBERTY OF THE SEAS in a reasonably safe condition and operating the vessel in a reasonably safe manner.

9. On or about February 2, 2012, Plaintiff was participating in the FlowRider surfing/boogie board activity when he fell and was propelled into the back wall located in the wash-out area at the rear of the FlowRider. Plaintiff sustained a fractured tibial plateau, as well as a severe high ankle sprain which has required two surgeries - to insert and then subsequently remove plates and screws in his ankle.

10. The accident occurred due to the unsafe design of the FlowRider, the lack of adequate instruction and supervision, and Defendant's negligent failure to correct the dangerous condition and/or warn Plaintiff of the aforementioned conditions.

11. Defendant knew or should have known of the dangerous and unsafe conditions alleged above, and failed to take reasonable steps to correct the hazards or warn Plaintiff of the hazards.

12. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries to his body and mind.

13. All pre-conditions to this action have been met or waived.

## COUNT I - NEGLIGENCE

14. Plaintiff adopts and re-alleges paragraphs 1 through 13 above as fully set forth herein, and further alleges:

15. On or about February 2, 2012, and continuing thereafter, Defendant breached the duty owed to Plaintiff by committing one or more of the following acts and/or was negligent in the design, operation, maintenance or control of the M/S LIBERTY OF THE SEAS in the following respects:

    a. Failing to exercise reasonable care for the safety of its passengers, and creating a dangerous condition in and around the FlowRider;

    b. Failing to provide a reasonable activity for passengers, reasonably designed for the safety of its passengers;

     c.      By failing to adequately train its employees;

     d.      By failing to adequately supervise its employees;

     e.      By hiring inexperienced or non-experienced personnel responsible for the safety of the passengers engaging in onboard activities, such as the FlowRider;

     f.      By failing to provide an adequate number of supervisory personnel aboard the vessel;

     g.      Failing to warn passengers, whom Defendant knew or should have known would be using the FlowRider of the dangerous condition which existed when passengers participated in this activity on the ship;

     h.      By failing to provide reasonable instructions to Plaintiff regarding the use of the Flo Rider;

     I.      By failing to investigate similar incidents on its vessels;

     j.      Allowing a dangerous condition to exist notwithstanding prior incidents involving similar accidents aboard the M/S LIBERTY OF THE SEAS and other vessels in its fleet of cruise ships;

     k.      Failing to adequately investigate prior and subsequent incidents involving FlowRiders on the M/S LIBERTY OF THE SEAS and other vessels in its fleet of cruise ships;

    l.      Failing to post adequate warnings to passengers of the dangerous and unsafe condition in and about the FlowRider activity of the M/S LIBERTY OF THE SEAS and other vessels in its fleet of cruise ships;

    m.      By designing, manufacturing, installing, creating and/or maintaining an unsafe Flow Rider system; and

    n.      Other acts of fault and negligence which will be proven at the trial of this matter.

16.      Defendant's negligence, as described above, caused the injuries Plaintiff complains of in this lawsuit.

17.      The conduct of Defendant, as described above, directly and proximately caused the injuries and damages to Plaintiff, as follows:

    a.      Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminishment of earning capacity;

    b.      Plaintiff has incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

    c.      Plaintiff has suffered an aggravation of a pre-existing condition.

18.      Defendant is at fault for causing Plaintiff's injuries and is liable to him for the above described damages which are continuing and/or permanent in nature.

19	Plaintiff lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

20.	All conditions precedent to bringing this action have been satisfied.

WHEREFORE, Plaintiff alleges negligence of Defendant and prays that judgment be entered in Plaintiff's favor and against Defendant, for damages, costs, interest, pre-judgment interest and for all such other relief to which Plaintiff may be entitled by virtue of these proceedings.

## COUNT II
## STRICT PRODUCTS LIABILITY FOR THE NEGLIGENT DESIGN, INSTALLATION, AND UTILIZATION OF THE FLOWRIDER

21.	Plaintiff adopts and re-alleges paragraphs 1 through 13 above as fully set forth herein, and further alleges:

22.	At all times material hereto Defendant owed a duty to its passengers, and in particular to Plaintiff, to maintain and operate its vessel, the M/S LIBERTY OF THE SEAS, in a reasonable manner under the circumstances.

23.	At all times material hereto, Defendant was a manufacturer, designer, distributor, and/or was otherwise within the chain of distribution of the FlowRider product, having put the FlowRider on which the Plaintiff was injured into the channels of trade.

24.	At all times material hereto, Defendant manufactured, designed, installed and/or utilized the FlowRider on the M/S LIBERTY OF THE SEAS, and as such owed a

duty to its passengers, and in particular to the Plaintiff, to design the FlowRider without any defects.

25. At all times material hereto, Defendant, through its agents and/or employees who were acting in the course and scope of their employment and/or agency with the Defendant, designed, installed, operated and utilized the FlowRider. The FlowRider is constructed of a hard surface which did not provide adequate cushioning when FlowRider participants fall. The back and sides walls have essentially no, or grossly insufficient padding which has caused crippling orthopedic injuries and even death. The FlowRider uses a shallow stream of water, thus increasing the chance that when participants fall they hit the bottom and/or sides of the FlowRider thereby injuring themselves. The FlowRider has a wash-out area in the back of the FlowRider shorter than the standard FlowRider, thus increasing the chance that passengers will be forcefully propelled into the back wall. The forgoing features of the FlowRider are/were unreasonably and inherently dangerous and presented a foreseeable risk of serious injury to passengers, thus constituting a breach of Defendant's duty of care to the Plaintiff.

26. At all times material hereto, Defendant knew or had reason to know that the FlowRider was unreasonably dangerous. Defendant knew or had reason to know that the FlowRider was unreasonably and inherently dangerous because prior incidents, like the one described herein, have occurred on their vessels.

27.     Defendant had a duty to warn passenger, who were unaware of the dangers involved in the FlowRider activity, that the attraction was likely to be dangerous.

28.     The design flaw and lack of warning which made the FlowRider onboard the M/S LIBERTY OF THE SEAS inherently and unreasonably dangerous was the direct and proximate cause of the Plaintiff's injuries.

29.     The conduct of Defendant, as described above, directly and proximately caused the injuries and damages to Plaintiff, as follows:

a.      Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminishment of earning capacity;

b.      Plaintiff has incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

c.      Plaintiff has suffered an aggravation of a pre-existing condition.

30.     Defendant is at fault for causing Plaintiff's injuries and is liable to him for the above described damages which are continuing and/or permanent in nature.

31.     Plaintiff lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

32.     All conditions precedent to bringing this action have been satisfied.

**WHEREFORE**, Plaintiff alleges negligence of Defendant and prays that judgment be entered in Plaintiff's favor and against Defendant, for damages, costs, interest, pre-judgment interest and for all such other relief to which Plaintiff may be entitled by virtue of these proceedings.

Dated: January 28, 2013

Miami, Florida                                             Respectfully submitted,

/s/ James M. Walker                              /s/ Jonathan B. Aronson
James M. Walker                                    Jonathan B. Aronson
Florida Bar No. 755990                          Florida Bar No. 434116
WALKER & O'NEILL, P.A.                     Aronson Law Firm
Attorneys for Plaintiff                             Attorneys for Plaintiff
Plaza 57, Suite 430                                 Suite 800
7301 S.W. 57th Court                             5730 S.W. 74th Street
South Miami, Florida 33143                   Miami, Florida 33143
Tel. No.      (305) 995-5300                   Tel. No.      (305) 662-1233
Facsimile:   (305) 995-5310                   Facsimile:   (305) 662-1266
jwalker@cruiselaw.com                         Jaronson@aronsonlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 28, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

      /s/ James M. Walker
      James M. Walker (755990)

## SERVICE LIST

James M. Walker, Esq.
*Counsel for the Plaintiff*
Walker & O'Neill, P.A.
7301 S.W. 57th Court, Suite 430
South Miami, Florida 33143
Telephone: (305) 995-5300
Facsimile:  (305) 995-5310
**Email:** jwalker@cruiselaw.com


Jonathan B. Aronson, Esq.
*Co-Counsel for the Plaintiff*
Aronson Law Firm
5730 S.W. 74 Street, Suite 800
Miami, Florida 33143
Telephone: (305) 662-1233
Facsimile:  (305) 662-1266
**Email:** Jaronson@aronsonlawfirm.com